MORRIS SCHECHTER, PLAINTIFF-RESPONDENT, v. TRO-JAN BUILDING AND LOAN ASSOCIATION OF NEWARK, NEW JERSEY, DEFENDANT-APPELLANT.

Argued January 16, 1935—Decided June 20, 1935.

Before Justices LLOYD, CASE and DONGES.

For the appellant, *Samuel H. Nelson.*

For the respondent, *Morris Schechter.*

LLOYD, J. The plaintiff below was a stockholder of the defendant building and loan association, having become such in February, 1927. In January, 1932, he surrendered his stock on which $350 had been paid in dues, and received acknowledgment from the association of his withdrawal. On February 1st, 1932, he received notice from the association that the surrender value of his stock was $421.19. Of this sum he was paid in installments the sum of $340, the last payment being made on September 21st, 1933. This left due him, according to the statement, a balance of $81.19, for which the present action was brought.

Payment of this balance was resisted by the association on the ground that in February, 1933, it had amended its constitution, and that as so amended it authorized the board of directors to recapture profits as to withdrawing stockholders, and that this the association attempted to do as to this shareholder by sending him the following letter:

"Dear Sir: The balance due on the above certificate is the sum of Fifty Dollars ($50.00) since all profits on withdrawals are being recaptured so that shareholders withdrawing funds from the association will not do so at the expense of the remaining shareholders."

The trial judge held that the amendment was inapplicable to the plaintiff, who was no longer a stockholder but a creditor, and that chapter 90 of the laws of 1932 which provides that "when the matured or withdrawal value of shares has been paid, the subscribers thereto or owners thereof shall

cease to be members," was also inapplicable to the appellant. The trial judge also found that there was nothing in the stipulation of facts to show that the association at the time of the withdrawal or subsequently thereto had suffered a loss.

We deem it unnecessary to consider the first two grounds upon which the decision in favor of the plaintiff rests. Assuming the application of the amendment to the constitution, this amendment was not intended to confer upon the board of directors an arbitrary power to withhold profits from a withdrawing member in the absence of necessity therefor. The only thing relied on to suggest such necessity is in the letter sent to the plaintiff by the association in which it is intimated that it would be unjust to pay him at the expense of the remaining stockholders, and that since the issuing of the statement showing the condition of plaintiff's account and after acceptance of the surrendered stock and the promise to mail a check therefor, the association was obliged to take over real estate, and "by reason thereof and the association's appraised probably estimated losses therein, the directors deemed it advisable to recapture all profits, as indicated by the letter" already quoted.

We think the facts stipulated are insufficient to establish that losses had occurred. It suggested nothing more than the arbitrary estimate of the board that there might be future losses. Assuming, for the purposes of the case, that the status of the plaintiff's rights were subject to the association's rights to recapture profits that had not been earned, we think the stipulation fails to show any difference in the financial status of the association when it issued its statement to the plaintiff in January, and its condition when plaintiff demanded his money—simply a change in the character of its assets upon which there might or might not turn out to be a loss.

Our conclusion is that the statement issued to the plaintiff by the association was evidence of the value of the stock, and that the facts relied on to defeat the claim fell short of disproving such value by reason of losses incurred.

The judgment is affirmed, with costs.